COMEY *v.* CLARK *et al.*

*(Supreme Court, General Term, First Department.* March 29, 1889.)

MORTGAGES—FORECLOSURE—SURPLUS—PAYMENT INTO SURROGATE'S COURT.

    Where a third person, after a foreclosure sale under a mortgage executed by a decedent, sets up a claim to the surplus, which claim is rejected by the court, she cannot afterwards insist that the surplus be paid into the surrogate's court in which proceedings are pending to settle decedent's accounts as executor of the will under which claimant derives her right. Code Civil Proc. N. Y. § 2798, directing the surplus money arising from the foreclosure of a mortgage executed by a decedent to be paid into the surrogate's court, does not contemplate such payment after proceedings for distribution of the fund.

Appeal from special term, New York county.

Action by John F. Comey against Julia A. Clark and Cyrus Clark, her husband, Mary J. Clark, individually and as executrix of the last will and testament of Lemuel B. Clark, deceased, Horace Clark and Sarah C. Clark, his wife, Jennie W. Clark and Walter Clark, her husband, James Cassidy and Sarah Cassidy, his wife, Horace C. Skinner, Latimer E. Jones, Horace Secor, Jr., George W. Berger, and Charles B. Page, to foreclose a mortgage made by Julia A. Clark and husband and Lemuel B. Clark and wife to the plaintiff. There was a surplus of $19,893.51. The claim of Mrs. Fithian is based on the following averments: That on August 4, 1884, Freeman J. Fithian

died, leaving a will, whereby he made this claimant (his widow) his sole legatee, and appointed her and one Lemuel B. Clark executors thereof. That the will was admitted to probate on October 15, 1884, and letters testamentary thereupon were granted to said Clark, this claimant having renounced her right thereto. That among the assets belonging to said estate, and collected by said Clark, as such executor, were certain sums aggregating $30,000, paid for services rendered by said Fithian. That said Clark concealed the amount of the collections from claimant, representing that he had only collected $10,-000. That Clark died on June 9, 1886, leaving a will, which was admitted to probate, and letters testamentary thereunder were issued to his widow, Mary J. Clark, on July 7, 1886. On January 4, 1887, this claimant having retracted her said renunciation to letters testamentary under the will of said Fithian, deceased, such letters were issued to her by said surrogate, and she has entered upon the discharge of her duties thereunder. There is now pending before said surrogate a proceeding for the judicial settlement by said Mary J. Clark, as executrix, etc., of Lemuel B. Clark, deceased, of the account of said Lemuel B. Clark, as executor, etc., of said Freeman J. Fithian, deceased, whereby, after much litigation and delay, she finally admits the receipt of said moneys by said Clark, as aforesaid, but pretends that he had an undivided half interest therein, as a partner of said Fithian, which pretension is false, and is denied by this claimant in said proceeding. · That of said aggregate sum of $30,000 only the sum of $5,000 is accounted for in said proceeding. That of the balance of $25,000 said Clark, as this claimant is informed and believes, misappropriated and invested $13,875.50, on March 9, 1886, in the bond and mortgage of Julia A. Clark and Cyrus Clark, her husband, taking said bond and mortgage in the name of his wife, said Mary J. Clark, who now makes claim thereto, as appears from the proceedings in this action. The court directed the surplus to be paid to Mary J. Clark, and Mrs. Fithian appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

Cornell, Secor & Page, (Horace Secor, Jr., of counsel,) for appellant. George W. Cotterill, for respondent.

BARTLETT, J. The counsel for the appellant has argued but one objection to the order of the special term; and that is that it should have directed the payment of half the surplus money into the surrogate's court, under section 2798 of the Code of Civil Procedure. The answer in behalf of the respondent is that the appellant has no standing in court to make this objection. She was not a party to the suit. Her only status in the case was as a claimant of the surplus. The referee held that she had no lien thereon, and hence no right to appear in the proceeding. No exception was taken to his ruling in this respect, so far as the record shows, but, on the contrary, the appellant seems to have acquiesced in its correctness. It is difficult to perceive, under these circumstances, what interest she has to have the surplus paid into the surrogate's court, even if it ought to go there at this time. It does not even appear that she is a creditor of the decedent's estate, as her written claim does not establish that fact, and the evidence taken before the referee is not printed in the appeal-book. But, assuming that she has an interest sufficient to enable her to prosecute this appeal on the sole ground upon which her counsel seeks to sustain it, we are of the opinion that the directions for the payment of surplus money into the surrogate's court contained in section 2798 of the Code contemplates such payment prior, and not subsequent, to°proceedings for its distribution among those having claims upon it. If under that section any of the surplus moneys derived from the sale in this case should have gone into the surrogate's court, instead of being paid into the supreme court, they should have gone there before the present proceeding was instituted. But the appellant participated in the present proceeding without any suggestion,

so far as appears, that the surplus moneys, or any portion thereof, should be in the surrogate's court instead of in the hands of the chamberlain. She made her claim against the fund knowing that it was in the custody of the supreme court, and without questioning that it was properly deposited there; and now that she has failed to establish that claim it is too late for her to insist that another tribunal was the proper depository. The appeal should be dismissed, without costs. All concur.